IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
June 2, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD W.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-319**     (Fam. Ct. Kanawha Cnty. Case No. FC-20-2017-D-1427)

**KRISTEN O.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard W. ("Father")[1] appeals the Family Court of Kanawha County's July 31, 2025, order dismissing his pending petition for modification on the basis that he failed to timely obtain proper service upon respondent. Respondent Kristen O. ("Mother") did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties are the parents of one child, an eight-year-old son, G.O. By way of background, in December 2018, the family court entered a final custodial order that designated Mother as primary custodial and residential parent and granted her sole major decision-making authority. The family court granted Father supervised visitation for up to two hours each weekend and permitted Mother to allow additional visitation as she saw fit.

In January 2020, Father filed a petition for modification alleging that Mother stopped allowing him to exercise his parenting time. The family court found that Father voluntarily withdrew from contact with the child and that it was necessary to reestablish a bond between G.O. and Father. The court further held that Mother would remain the child's primary physical and legal custodial parent and retain full decision-making authority. The court granted Father supervised parenting time for two hours every Sunday at a time and

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented.

1

location determined by Mother, and held that after a period of three months of consistently exercising his parenting time, Father would be permitted to petition for removal of the supervision requirement or an expansion of his parenting time.

The family court's docket sheet reflects that Father filed another petition for modification in November 2022, but it was dismissed in August 2023. On January 2, 2025, Father filed the petition for modification that is relevant to this appeal. In that petition, Father sought to modify the parenting plan from the January 13, 2020, order, specifically requesting to modify decision-making authority and his parenting time. The docket sheet indicates that Father requested service of his filing through the circuit clerk's office via certified mail.

On February 3, 2025, the family court entered a disclosure and scheduling order in the modification proceeding, ordering the parties to appear on March 12, 2025, for a hearing on Father's petition, and ordering the parties to file updated financial and witness disclosures by March 2, 2025. The docket sheet indicates that the clerk's office attempted to send this order to Mother via certified mail, but the postal service returned it to the clerk's office marked "return to sender."

Father acknowledges that he did not appear for the March 12, 2025, hearing on his petition for modification. On March 13, 2025, Father filed a motion to continue, stating he requested a rehearing because on March 7, 2025, he had water damage to his property that destroyed many of his documents, including the order to appear in court. He alleged that he called the clerk's office on March 12, 2025, to ask about his court date, and on March 13, 2025, he appeared at the courthouse and discovered he had missed the hearing. He asserted he was trying to collect the updated financial documents requested by the court and asked for a new hearing date.

On March 19, 2025, the family court entered an order granting Father's motion, and on March 20, 2025, entered another order stating that the matter had come on for hearing on March 12, 2025, but neither party appeared. In the March 20, 2025, order, the court also found that Mother had not been served with the petition for modification, that Father had shown good cause for the matter to be rescheduled upon proper service of the pleadings, and granted Father sixty days to obtain proper service. The March 20, 2025, order concluded, "if Father fails to obtain proper service upon Mother within that timeframe, this matter will be dismissed."

Thereafter, the docket sheet lists several transactions in March 2025 reflecting unsuccessful attempts by the clerk's office to send Mother documents by denoting returned mail. Father's appendix record also includes copies of canceled envelopes purporting to show undeliverable mail addressed to Mother as evidence of his multiple attempts at service. All are stamped "unable to forward, return to sender." On May 13, 2025, the docket sheet reflects that the summons was reissued and sent to the Kanawha County Sheriff for

service. On June 24, 2025, after the expiration of the sixty-day deadline in the court's March 20, 2025, order,[3] Father filed a Notice of Publication in the family court, affirming that he had used due diligence to ascertain Mother's whereabouts without effect. On July 14, 2025, the docket sheet was updated to include Father's affidavit of legal publication and an advertising receipt demonstrating that legal notice was published in the *Charleston Gazette-Mail* between June 26, 2025, and July 3, 2025.

However, on July 31, 2025, the court entered a final order of dismissal, stating that Father failed to timely obtain proper service upon Mother. It is from that July 31, 2025, order that Father now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises four assignments of error. Because his assignments of error are similar and interrelated, we will consolidate and paraphrase them for the purposes of our analysis and for clarity. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

Father's overarching contention is that the family court erred by dismissing his petition for his failure to serve because Mother moved from her last known address without notifying the court or Father and was therefore violating the parenting plan. Father further alleges that dismissal of his petition violated Father's constitutional rights as a parent, the child's right to bond with Father, the best interests of the child, and the 50-50 equal custodial allocation presumption. Finally, Father asserts that the family court erred by not permitting him to serve Mother by other means, such as email, when all other methods failed.

We are unable to provide Father relief. Although Father may have been diligent in his attempts to effectuate service on Mother, the record reflects that he did not obtain proper service before the expiration of the sixty-day deadline as required by the court's March 20,

---

[3] The sixty-day deadline would have been May 19, 2025.

2025, order. Father does not dispute that he failed to serve Mother with his petition within that timeframe, and, in fact, Father concedes that that court had the discretion to dismiss the case on that basis. Accordingly, we conclude that the family court did not abuse its discretion in dismissing Father's petition.[4]

Accordingly, we affirm the family court's July 31, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[4] Nothing in this decision prevents Father from filing a new petition for modification and properly serving the petition so that the family court can consider the substantive issues raised.